UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MICHAEL LEE, ET AL.**                          **CIVIL ACTION**

**VERSUS**                                       **NO. 23-219-JWD-RLB**

**HOOD CONTAINER OF LOUISIANA, LLC**

## ORDER

Before this Court is Plaintiffs' Motion to Amend Complaint. (R. Doc. 16). The Motion is opposed. (R. Doc. 19).

**I.   Background**

Michael Lee and Susan Broadway Lee ("Plaintiffs") filed the captioned action on February 13, 2023, in the 20th Judicial District Court in the Parish of West Feliciana, Louisiana, alleging Hood Container of Louisiana, LLC ("Defendant") violated La. R.S. 23:967 (the "Whistleblower Statute") (R. Doc. 1-3). Defendant removed the action to this Court on March 22, 2023. (R. Doc. 1). On April 10, 2023, Defendant filed a Motion to Dismiss for Failure to State a Claim that is currently pending before the district judge. (R. Doc. 7). Defendant argued that because the Whistleblower Statute requires that a plaintiff object to a violation of a Louisiana statute, Plaintiffs' claim that Defendant violated 29 U.S.C. § 654 fails to support a Whistleblower Statute claim. (R. Docs. 7, 7-1).

Over four months after the filing of the motion to dismiss, Plaintiffs filed the instant Motion to Amend Complaint, seeking to allege that Defendant violated Louisiana laws against unsafe workplaces (La. R.S. 23:13) and aggravated or simple battery (La. R.S. 14:34 or La. R.S. 14:35), or simple or aggravated assault (La. R.S. 14:36 or La. R.S. 14:37). (R. Doc. 16). Defendants object that to the extent those amendments raise additional claims, they are barred by

1

Louisiana's Worker's Comp Act since the facts fail to show intent for assault or battery. (R. Doc. 19).

Plaintiff's allegations are as follows: On April 24, 2022, a foreman of Defendant ordered Plaintiff to clean out a chemical tank on Defendant's property. (R. Doc. 16-2 at ¶ 8). When Plaintiff noticed a contractor had taped off the area to hydroblast, he reported this twice to the foreman who still ordered him to clean the tanks. (R. Doc. 16-2 at ¶¶ 10, 12, 13). Plaintiff thus "crossed the red caution tape, climbed into the tank[ with different tools than normal as the hydroblaster was in use,] and attempted to perform [the] work [,]" reaggravating a shoulder injury. (R. Doc. 16-2 at ¶ 14). Eventually, the hydroblaster crew clogged a drainpipe and maintenance cut the pipe, leaving the exposed end "pointing directly [where Plaintiff was] working, at about [his] chest/head level." (R. Doc. 16-2 at ¶ 15). After this, the hydroblaster was "pushing nuts, bolts, metal debris, waste, and other projectiles down the drainpipe. . . at a very high and unsafe velocity." (R. Doc. 16-2 at ¶ 16). Plaintiff reported this occurrence and his shoulder injury to the foreman who allowed him to leave. (R. Doc. 16-2 at ¶ 17). After Plaintiff took two days off to heal, another supervisor told Plaintiff his "objections to work assignments would set a bad example." (R. Doc. 16-2 at ¶¶ 18, 29). Plaintiff responded that "he was not objecting [but] seeking a safer environment[.]" (R. Doc. 16-2 at ¶ 20). Three days later, Plaintiff was "terminated for job abandonment." (R. Doc. 16-2 at ¶ 22).

## II.     Law and Analysis

### A.     Legal Standards

After the period for amendment as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave[.]" Fed. R. Civ. P. 15(a). But, at its discretion, a "court should freely give leave when justice so requires." *Id*. In

exercising its discretion, this Court may consider "undue delay, bad faith, or dilatory motive on the part of the movant[, and] undue prejudice to the opposing party[.]" *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (Citation omitted). If Plaintiffs fail to state a claim in the amended petition, this Court may deny their request as futile. *Stripling v. Jordan Prod. Co., LLC,* 234 F.3d 863, 872–73 (5th Cir. 2000). The applicable Whistleblower Statute protects "employees against reprisal from employers for . . . refusing to participate in illegal work practices." *Hale v. Touro Infirmary,* 2004-0003 (La. App. 4 Cir. 11/3/04), 886 So. 2d 1210, 1214, *writ denied,* 2005-0103 (La. 3/24/05), 896 So. 2d 1036. A whistleblower must show he (1) realized his employer violated a Louisiana law; (2) advised the employer of the violation; (3) refused to participate in it; and (4) was fired because of the refusal. *Hale*, 886 So.2d at 1216. The statute requires "an actual violation of state law[.]" *Accardo v. La. Health Servs. & Indem. Co.*, 943 So.2d 381, 387 (La. App. 1 Cir. 6/21/06).

Under La. R.S. 23:13, "[a]n employer has a duty to exercise reasonable care for the safety of his employees and to not expose them to unreasonable risks of injury[.]" *Carr v. Sanderson Farm, Inc.,* 2015-0953 (La. App. 1 Cir. 2/17/16), 189 So. 3d 450, 456 (citations omitted). "If an employer knows or should know of a dangerous condition or person on his premises, the employer is obligated to take reasonable steps to protect its employees." *Id*. Intent is not needed to violate La. R.S. 23:13. *Id.,* at 456-57. Battery and assault, criminally or civilly, do require intent. Criminally, "intent is present when [an] offender . . . advert[s] to the prescribed criminal consequences as reasonably certain to result from his act or failure to act." *State v. Freeman,* 2023-0074 (La. App. 4 Cir. 2/7/23), 357 So. 3d 880, 883 (citation omitted). Civilly, "[a]n employer's actions in providing poor working conditions [a]re not intentional[.]" *Batiste v. Bayou Steel Corp.,* 2010-1561 (La. 10/1/10), 45 So. 3d 167, 169 (citation omitted).

3

**B.     Analysis**

This matter has only been before this Court since its removal on March 22, 2023, and the Motion to Amend Complaint was filed to revise errors of the original petition noted by Defendant in its still pending motion to dismiss. (R. Docs. 1, 7). Given the timing of the motion, there is no undue delay or dilatory motive. There is also no evidence the amendment is sought in bad faith or that any undue prejudice to the Defendant will result. As nothing in the record suggests "undue delay, bad faith, or dilatory motive on the part of [Plaintiffs,]" and the factors in Fed. R. Civ. P. 15 do not preclude amendment, this Court will permit Plaintiffs' amendments. *Nolan*, 25 F.3d at 1043.

Defendant's main argument against Plaintiffs' amendment is that it would be futile. (R. Doc. 19). To assert a claim under the Whistleblower Statute, Plaintiff must show that he objected to his employer's actual violation of a Louisiana law, refused to participate in it, and was thus terminated. *Accardo*, 943 So.2d at 387; *Hale*, 886 So.2d at 1216. Plaintiffs' original petition alleges Defendant violated only a federal law, making no mention of Louisiana laws. (R. Doc. 1-1). The proposed amended complaint, however, asserts that Defendant violated La. R.S. 23:13 and either Louisiana's criminal assault or battery statutes. (R. Doc. 16-2 at ¶ 24). Defendants argue this amendment is futile since Louisiana's Worker's Compensation Act prevents Plaintiffs from bringing a La. R.S. 23:13 claim as Plaintiffs failed to demonstrate intent regarding assault or battery. (R. Doc. 19).[1] It appears to this Court, however, that these statutes are not being used to assert independent claims, but "serve as the underlying violations of law [that] trigger anti-reprisal relief[.]" *Stuntz v. Wright Enrichment Inc.,* No. 6:20-CV-00182, 2020 WL 5989176, at *9 (W.D. La. Sept. 9, 2020), *report and rec adopted,* No. 6:20-CV-00182, 2020 WL 5986073

---

[1] This Court recognizes that Plaintiffs have not alleged the intent necessary for asserting a battery or assault claim standing on its own. It is less clear how this affects Plaintiffs' Whistleblower Statute claim.

4

(W.D. La. Oct. 8, 2020). Futility is not as apparent as Defendant claims. Whether Plaintiffs have failed to state a claim would be best resolved through the resolution of a dispositive motion by the district judge as opposed to though a timely motion to amend. Should additional briefing be necessary in the context of the pending Motion to Dismiss, the parties shall seek leave to submit additional briefing or Defendants should file a new Motion to Dismiss addressing the Amended Complaint.

### III.  Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Amend Complaint (R. Doc. 16) is **GRANTED**, and the Clerk of Court shall file the First Amended Complaint (R. Doc. 16-2) into the record.

Signed in Baton Rouge, Louisiana, on November 7, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**